## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

James Shirley,

       Plaintiff,

       v.               Case No.

Aramark Corporation and the University of Kansas Hospital Authority,

       Defendants.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Aramark Corporation ("Aramark") and the University of Kansas Hospital Authority ("UKHA") (collectively, "Defendants"), by their attorneys, hereby jointly remove this action from the District Court of Wyandotte County, Kansas, to the United States District Court for the District of Kansas. Removal is proper because this action involves a federal question and, thus, this Court has subject matter jurisdiction. In support of removal, Defendants state as follows:

### STATE COURT ACTION

1.     On February 11, 2020, Plaintiff James Shirley ("Plaintiff" or "Shirley") commenced this action against Aramark and UKHA, incorrectly identified at time of initial filing as The University of Kansas Medical Center ("KUMC"), in the District Court of Wyandotte County, Kansas, titled *James Shirley v. Aramark Corporation and The University of Kansas Medical Center*, and designated Case No. 2020-CV-000112 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Petition for Damages, along with the rest of the state court file, is attached as **Exhibit A**.

2.      In the State Court Action, Plaintiff alleges Defendants violated 42 U.S.C. §§ 1981 and 2000(e) *et seq.* and the Kansas Act Against Discrimination ("KAAD") by allegedly discriminating against Plaintiff based on his race and retaliating against Plaintiff based on his purported protected activity*,* and demands a jury trial. *See* Ex. A.

3.      On February 19, 2020, Aramark received notice of the Petition for Damages, but was not served with the Petition.

4.      On March 5, 2020, Plaintiff filed a First Amended Petition for Damages ("First Amended Petition").  The First Amended Petition substituted UKHA in place of KUMC as the defendant, but otherwise raised the same facts and legal claims as the original Petition for Damages.  *See* Ex. A.

5.      On March 9, 2020, UKHA's counsel accepted service of the First Amended Petition via electronic mail.

6.      On March 16, 2020, Aramark's counsel accepted service of the First Amended Petition via electronic mail.

7.      On March 17, 2020, Plaintiff filed a Second Amended Petition for Damages ("Second Amended Petition").  The Second Amended Petition corrected the address for UKHA, but otherwise raised the same facts and legal claims as the original Petition for Damages.  *See* Ex. A.

## REMOVAL IS PROPER

8.      As set forth in 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

72802210.2

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the Second Amended Petition for Damages asserts claims arising under the laws of the United States—namely, allegations that Defendants violated 42 U.S.C. §§ 1981 and 2000(e) *et seq.* by discriminating against Plaintiff on the basis of his race, and retaliating against Plaintiff for engaging in protected conduct.  *See* Ex. A, Pet. For Damages ¶¶ 35-57.

10.      This Court also has supplemental jurisdiction over Plaintiff's race discrimination and retaliation claims under the KAAD, pursuant to 28 U.S.C. § 1367, because those KAAD claims are inextricably related to Plaintiff's 42 U.S.C. §§ 1981 and 2000(e) *et seq.* claims for the same causes of action and arise out of the same nucleus of operative fact.

11.      Accordingly, Defendants may remove this case to this Court pursuant to 28 U.S.C. § 1441(a) without regard to the citizenship of the parties or amounts in controversy.

### VENUE IS PROPER

12.      Under 28 U.S.C. § 1441(a), an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed his Second Amended Petition for Damages in the District Court of Wyandotte County, Kansas, meaning the United States District Court for the District of Kansas is the federal district court to which this case must be removed. Likewise, the Kansas City-Leavenworth Division is the proper division to which the case must be removed under 28 U.S.C. § 1446(a), which requires filing a notice of removal "in the district court of the United States for the district and division within which such action is pending."

### REMOVAL IS TIMELY

13.      A notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the state court petition.  28 U.S.C. § 1446(b).  Aramark

3

72802210.2

received a copy of the Petition for Damages on February 19, 2020, and accepted service of the First Amended Petition for Damages on March 16, 2020.  UKHA's counsel accepted service of the Petition on March 9, 2020.  Defendants filed this Notice of Removal on March 18, 2020—within 30 days from the date of service.  Accordingly, removal is timely.

## STATE COURT PLEADINGS

14.    Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action.  Copies of these removal documents are attached to this Notice of Removal at Exhibit A.  Further, under 28 U.S.C. § 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the above action now pending in the District Court of Wyandotte County, Kansas, Case No. 2020-CV-000112, be removed to the United States District Court for the District of Kansas.

4

72802210.2

Date: **March 18, 2020**                    **Respectfully Submitted By:**

**DEFENDANTS**

By: */s/ Patrick Newsum*
Patrick Newsum
patrick.newsum@morganlewis.com
212.309.6000
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060

Stephanie L. Sweitzer (*pro hac vice* anticipated_
stephanie.sweitzer@morganlewis.com
312.324.1741
Thomas H. Severson (*pro hac vice* anticipated)
tom.severson@morganlewis.com
312.324.1149
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

ATTORNEYS FOR DEFENDANT ARAMARK
CORPORATION

By: */s/ Henry J. Thomas*
  ERIC E. PACKEL (KS #23070)
  HENRY J. THOMAS (KS #26246)
  900 W. 48th Place, Suite 900
  Kansas City, MO 64112
  (816) 753-1000
  Fax: (816) 753-1536
  epackel@polsinelli.com
  hthomas@polsinelli.com

ATTORNEYS FOR DEFENDANT UNIVERSITY OF
KANSAS HOSPITAL AUTHORITY

5

72802210.2

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a copy of the foregoing document was filed electronically through the Court's CM/ECF system and served via electronic mail on the following counsel of record:

Henry W. Tanner
The Law Firm of Henry Tanner LLC
1432 E. 49th Terrace,
Kansas City, MO 64110
816.547.2162
henry@htannerlaw.com

*/s/ Henry J. Thomas*
Henry J. Thomas

72802210.2